IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| ALAN KIRSHNER,<br>*Plaintiff* | CIVIL ACTION NO. |
|---|---|
| v. | _____ |
| AWC, INC.,<br>*Defendant* | JURY DEMANDED |

# PLAINTIFF'S ORIGINAL COMPLAINT

## 1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a jury for all issues triable to a jury. This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the wrongful termination suffered by Plaintiff, ALAN KIRSHNER (hereinafter "Kirshner" or "Plaintiff"), due to AWC, INC., (hereinafter "Defendant" or "AWC") taking adverse employment actions against him in violation of the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act as Amended ("ADAA").

## 2. JURISDICTION

2.1 Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Americans With Disabilities Act, 42 U.S.C. § 12101.

2.2 Jurisdiction is appropriate under the ADEA and ADAA, Declaratory and injunctive relief is sought pursuant to 29 U.S.C. § 623 and 42 U.S.C. § 12101.

2.3 Actual damages are sought pursuant to the ADEA and ADAA.

2.4 Liquidated and injunctive relief is sought pursuant to the ADEA and ADAA.

2.5  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205, Rule 54, FRCP and the ADEA and ADAA.

2.6  Compensatory damages may be awarded pursuant to the ADEA and ADAA.

2.7  Punitive damages may be awarded pursuant to the ADAA.

## 3. VENUE

3.1  Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

## 4. PARTIES

4.1  Plaintiff is a former employee of Defendant and resides in Harris County, Houston, Texas.

4.2  Defendant AWC, Inc. is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant can be served by serving its registered agent, Business Filings Incorporated, 701 Brazos Street, Ste. 720, Austin, Texas 78701.

## 5. FACTS

5.1  AWC employed Kirshner as an Outside Account Manager for 27.5 years.

5.2  Kirshner's employment was terminated on June 1, 2016 with no warning. At the time of termination Kirshner was 63 years old and had planned to work until attaining the age of 66.

5.3  Several weeks before Kirshner was terminated he told his manager, Brad Rosenhagen that he was headed to the doctor for a Parkinson's screening. Kirshner told him that he was having tremors and had a family history of Parkinson's. Rosenhagen responded by

telling Kirshner that his father was seriously ill with it and that he knew how bad the effects were. In the interim Plaintiff went on a pre-scheduled vacation and was not in the office for approximately two weeks. When Kirshner returned he was told that he was fired.

5.4. During Kirshner's employment, he was AWC's most consistent and profitable Outside Account Managers for the last 15-years consistently and consecutively. He never had any indication that his position with the company was in jeopardy. The only criticism he ever received was that he wasn't doing enough paperwork. Because Kirshner was so busy selling, the company hired Randy Gardner to assist him with the paperwork and he was led to believe that this closed the issue regarding paperwork deficiency.

5.5. AWC made a decision to replace Kirshner with David Wagner, who is substantially younger and less qualified than him. To illustrate this, when Kirshner's previously largest account, National Oilwell Varco heard of this, its Vice President of Engineering told Mr. Rosenhagen that he did not want to see David Wagner in his office and that Respondent made a grave mistake by firing Kirshner.

5.6. Kirshner was the only account manager fired and was not given any reason for his termination except for a vague reference to past performance. If there were any performance deficiencies Kirshner was never made aware of them and had greatly exceeded all of his goals and quotas.

5.7. During his employment, Kirshner was subjected to salary reclamations by Defendant. Specifically, Kirshner's income was based on a commission formula wherein he would receive a percentage of gross income, less all expenses. From 1998 until 2011 his commission rate was 25%. From 2011 until 2013 his commission rate was 20% and from

2013 until August 12, 2014 the commission rate was reduced to 14%. Following August 12, 2014 until the termination of his employment the commission rate became 20% of Defendant's gross income, less all incurred expenses, including all business expenses, including but not limited to automobile, health insurance, vacation, and FICA. In 2016, prior to his termination, Defendant retroactively collected vacation pay from Kirshner contending that he owed Defendant vacation for time it contended that he owed it. During this time, Kirshner was working remotely from a residence out of state because his primary residence in Harris County flooded during the Memorial Day flooding in 2015. Kirshner spent approximately four months working out of state because his primary residence was uninhabitable. It was customary for him to work from home, as it was with any other employee. Defendant charged Kirshner for the vacation time as a deduction from salary causing damage in the approximate amount of $10,000.00 to be confirmed during the discovery process. Additionally Defendant's Chief Financial Officer coded significant inventory losses against Kirshner's income by deducting from his income by reducing the amount of commission earned on aging inventory that did not sell. Defendant charged the cost of inventory against Kirshner's earnings causing damage in the approximate amount of $400,000.00 to be confirmed through the discovery process.

## 6. CAUSES OF ACTION

6.1. *Age Discrimination in Employment Act* − Based on the above facts, Defendant violated the ADEA because Kirshner's age was the determining factor in the decision to terminate his employment and replace him with somebody substantially younger and less qualified employee.

6.2. *Americans with Disabilities Act as Amended* – Based on the above facts, Defendant violated the ADAA when it terminated Kirshner's employment in close temporal proximity to his advising his supervisor that he was being tested for Parkinson's Disease. Defendant regarded Kirshner as being disabled and used that as a basis for terminating his employment.

6.3. *Breach of Contract* – Based on the above facts, specifically Paragraph 5.7 of this Complaint, Defendant is liable to Plaintiff on the basis of Breach of Contract.

## 7. DAMAGES

7.1 As a direct and proximate cause of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to:

7.1.1. Loss of wages and benefits, including front pay and back pay,

7.1.2. Mental anguish and emotional distress,

7.1.3. Sustained damage to Plaintiff's credibility, and

7.1.4. Sustained damage to Plaintiff's prospects for future employment.

## 8. ATTORNEYS FEES

8.1 Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis Street, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 9. PRAYER

9.1. WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

9.1.1. Declare Defendant's conduct in violation of Plaintiff's rights;

9.1.2. Enjoin the Defendant from engaging in such conduct;

9.1.3. Award Plaintiff actual damages;

9.1.4. Order Defendant to pay Plaintiff back pay and front pay and benefits;

9.1.5. Award Plaintiff compensatory damages for mental anguish;

9.1.6. Award Plaintiff punitive damages to be determined by the trier of fact;

9.1.7. Award Plaintiff liquidated damages.

9.1.8. Grant Plaintiff pre-judgment and post-judgment interest;

9.1.9. Order Defendant to pay Plaintiff's costs and attorney's fees in this action; and,

9.1.10. Order and grant such other relief as is proper and just.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*_____
Gregg M. Rosenberg
USDC SD/TX No. 22202
Texas State Bar ID 24000672
Tracey D. Lewis
USDC SD/TX No. 212007
Texas State Bar ID 24090230
ROSENBERG & SPROVACH
3518 Travis Street, Suite 200
Houston, Texas 77027
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG & SPROVACH          ATTORNEYS FOR PLAINTIFF